IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| CARLOS ENRIQUE ARGUELLES-SANGUINETI, | ) ) ) |
| Petitioner, | ) ) |
| v. | ) Case No: 4:14-cv-00609-AKK-JHE ) |
| ERIC HOLDER, JR. et al., | ) ) ) |
| Respondents. | ) |

## MEMORANDUM OPINION

On April 2, 2014, Petitioner Carlos Enrique Arguelles-Sanguineti ("Arguelles-Sanguineti") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). At the time he filed his petition, Arguelles-Sanguineti, a native of Peru, was incarcerated at the Etowah County Detention Center, in the custody of the Bureau of Immigration and Customs Enforcement ("ICE"). In his petition, Arguelles-Sanguineti alleged that he was being illegally detained by ICE pending his deportation to Peru. On June 20, 2014, Arguelles-Sanguineti was released from ICE custody and removed from the United States. (Docs. 9, 9-1). Respondents have filed a motion to dismiss the action as moot. (Doc. 9). For the reasons stated below, Respondents' motion will be granted and the action be dismissed as moot.

Article III of the Constitution limits the jurisdiction of federal courts to the

consideration of "cases or controversies." U.S. CONST. art. III, § 2. The doctrine of mootness is derived from this limitation because "an action that is moot cannot be characterized as an active case or controversy." *Adler v. Duval Cnty. Sch. Bd.*, 112 F.3d 1475, 1477 (11th Cir. 1997). A case is moot and must be dismissed if the court can no longer provide "meaningful relief." *Nyaga v. Ashcroft*, 323 F.3d 906, 913 (11th Cir. 2003) (citations omitted).

The relief Arguelles-Sanguineti seeks in his petition is to be released from ICE custody. Because Arguelles-Sanguineti is no longer in ICE custody, his petition has been rendered moot, unless an exception to the mootness doctrine applies. Neither of the two exceptions to the mootness doctrine, collateral consequences and"capable of repetition yet evading review," *Carafas v. LaVallee*, 391 U.S. 234, 237, 88 S. Ct. 1556, 1559 (1968); *Murphy v. Hunt*, 455 U.S. 478, 482, 102 S. Ct. 1181, 1183-84 (1982), apply here. There are no collateral consequences because there are no "disabilities or burdens which may flow" from the custody that Arguelles-Sanguineti challenges. *See Carafas*, 391 U.S. at 237, 88 S. Ct. at 1559. The "capable of repetition, yet evading review" exception also does not apply because of Petitioner's release from custody, and the potential circumstances of this case happening again are too speculative to create an actual

controversy sufficient to support a claim for relief. *See Weinstein v. Bradford*, 423 U.S. 147, 149, 96 S. Ct. 347, 348-49 (1975) (holding that the "capable of repetition, yet evading review" exception applies when (1) the challenged action is too short in duration to be fully litigated prior to its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party would be subjected to the same action again.). Because there is no longer any relief the court can grant Arguelles-Sanguineti, his petition for release is moot.

Based on the foregoing, the Respondents' motion to dismiss, (doc. 9), is **GRANTED**. A separate order will be entered.

DONE this 8th day of August, 2014.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE

3